IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY WAJERT, on behalf of himself and similarly situated employees, :<br>    Plaintiff,<br>v.<br>INFOCISION MANAGEMENT CORPORATION,<br>    Defendant. | CIVIL ACTION<br><br>ELECTRONICALLY FILED ON OCTOBER 12, 2015<br><br>CLASS/COLLECTIVE ACTION |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Plaintiff Jeffrey Wajert ("Plaintiff"), on behalf of himself and similarly situated employees, brings this class/collective action lawsuit against Defendant InfoCision Management Corporation ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23.  See Knepper v. Rite Aid Corp., 675 F.3d 249 (3d Cir. 2012) (FLSA collective actions and Rule 23 class actions may proceed together in same lawsuit).

### JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391.

### PARTIES

4. Plaintiff is an individual residing in New Castle, PA (Lawrence County).

5. Plaintiff is an employee covered by the FLSA and the PMWA.

6. Defendant is a corporate entity headquartered in Akron, OH, and operating a local office in New Castle, PA (Lawrence County).

7. Defendant is an employer covered by the FLSA and the PMWA.

## FACTS

8. Defendant, according to its website, "is the nation's second-largest privately held teleservices company." In this capacity, it operates call centers in Ohio, West Virginia, and Pennsylvania. One of these call centers is located in New Castle, PA and is referred to herein as the New Castle Call Center.

9. During the three-year period relevant to this lawsuit, Defendant has employed at the New Castle Call Center hundreds of individuals who are paid on an hourly basis and whose duties include handling sales and customer service telephone calls on behalf of Defendant's customers.[1] These individuals hold various job titles (such as, for example, "Communicator" and "Customer Service/Call Center Representative") and are referred to herein as "Phone Operators."

10. Plaintiff has been employed by Defendant at the New Castle Call Center as a Phone Operator since approximately March 2014.

11. During a typical week, Plaintiff and other Phone Operators are scheduled to work at least 40 hours and receive payroll credit and compensation for at least 40 hours.

12. At the beginning of each shift, Plaintiff and every other Phone Operator is required to arrive at his/her assigned work station, boot-up his/her assigned computer, access Defendant's computer system(s), and access the assigned customers' proprietary computer

---

[1] These customers include large companies such as, for example, Comcast.

system(s), database(s), and programs.  It is impossible for Plaintiff and other Phone Operators to perform their job duties without having access to these computer systems, databases, and programs.  Depending on the customer, Phone Operators spend approximately 10-25 minutes completing the activities described in this paragraph.

13.     Defendant does not provide Plaintiff and other Phone Operators with any payroll credit or compensation for time spent performing the activities described in paragraph 12.

14.     Because Plaintiff and other Phone Operators typically are scheduled to work at least 40 hours per week and receive payroll credit and compensation for at least 40 hours, the time spent performing the activities described in paragraph 12 typically would qualify as overtime work if such time were paid by Defendant.

15.     By failing to pay Plaintiff and other Phone Operators for overtime work associated with the activities described in paragraph 12, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiff brings his FLSA claim pursuant to 29 U.S.C. §216(b) as a collective action on behalf of all Phone Operators (as defined in paragraph 9) who, during any workweek within the past three years, were paid for at least 40 hours.

17.     Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common timekeeping and compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

18.     Plaintiff brings his PMWA claim pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of all Phone Operators (as defined in paragraph 9) who, during any

workweek within the past three years, were paid for at least 40 hours.

19. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

20. The class includes hundreds of individuals, all of whom are readily ascertainable based on Defendant's standard payroll records and are so numerous that joinder of all class members is impracticable.

21. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

22. Plaintiff will fairly and adequately represent the class members and their interests, and he has retained competent and experienced counsel who will effectively represent the class members' interests.

23. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's companywide timekeeping and compensation policies. The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

24. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
**(Alleging FLSA Violations)**

25. All previous paragraphs are incorporated as though fully set forth herein.

26. The FLSA requires that employees receive overtime premium compensation "not

less than one and one-half times" their regular pay rate for hours worked over 40 per week. See 29 U.S.C. § 207(a)(1).

27. Defendant has violated the FLSA by failing to pay Plaintiff and the collective any compensation for overtime work attributable to the activities described in paragraph 12.[2]

28. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, has willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

29. All previous paragraphs are incorporated as though fully set forth herein.

30. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. See 43 P.S. § 333.104(c).

31. Defendant has violated the PMWA by failing to pay Plaintiff and other FLSA collective members any compensation for overtime work attributable to the activities described in paragraph 12.[3]

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A. An order permitting this action to proceed as a collective and class action;

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all members of the FLSA collective informing them of this action and permitting them to join (or "opt-in" to) this action;

---

[2] Plaintiff does not seek damages for weeks in which credited work hours *plus* work hours attributable to the activities described in paragraph 12 *equal* 40 or fewer hours.
[3] See footnote 2.

      C.      Unpaid wages and prejudgment interest to the fullest extent permitted under federal and state law;

      D.      Liquidated damages to the fullest extent permitted under the FLSA;

      E.      Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal and state law; and

      F.      Such other and further relief as this Court deems just and proper.

Date: October 12, 2015

Respectfully,

/s/ Peter Winebrake

Peter Winebrake, Esq.
R. Andrew Santillo, Esq.
Mark J. Gottesfeld, Esq.
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*For Plaintiff*

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

_____
Signature

_____
Name (Please Print Clearly)   Jeffrey T Wright